Gao v. Barr

BIA
Nelson, IJ
A073 131 789

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand nineteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>ROBERT D. SACK,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges.*

_____

BIN GAO,
>*Petitioner,*

>v.                                        17-2731
>                                          NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          James A. Lombardi, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Janette L. Allen, Senior Litigation Counsel; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bin Gao, a native and citizen of the People's Republic of China, seeks review of an August 22, 2017, decision of the BIA affirming a February 24, 2017, decision of an Immigration Judge ("IJ") denying Gao's motion to reopen. *In re Bin Gao,* No. A073 131 789 (B.I.A. Aug. 22, 2017), *aff'g* No. A073 131 789 (Immig. Ct. N.Y. City Feb. 24, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case. We have reviewed the BIA's denial of the motion to reopen for abuse of discretion and considered whether its conclusion regarding changed country conditions is supported by substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

Gao moved to reopen in order to apply for asylum, asserting that he had converted to Christianity in the United States and that worsening conditions for Christians in China excused the untimely filing of his motion. It is undisputed that Gao's 2017 motion to reopen was untimely as it was filed nearly twenty years after his 1997 deportation order. *See*

2

8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(i). The agency did not err in finding that Gao failed to demonstrate such conditions.

Gao does not dispute that his conversion to Christianity and active religious practice constituted changes in personal circumstances that do not fall under the exception for changed country conditions to the usual time limitation. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005). Accordingly, Gao had to show a material change in conditions in China. Because conditions for Christians in China vary by province, Gao had to establish a material change relevant to his home province of Fujian. *See Jian Hui Shao*, 546 F.3d at 149, 170 ("[P]olicies and the means used to enforce them can vary widely from one area of the country to

3

another.  Thus . . . it is appropriate to review the evidence to determine, first, what policy applies to the circumstances at issue and, second, whether local officials would be inclined to view the petitioner's actions as a violation of that policy.").

We find no error in the agency's conclusion that Gao failed to show the relevant change.  "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."  *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007).  As the BIA stated, the 1995 U.S. State Department report showed "a longstanding restriction by the Chinese government on the public practice of Christianity." Special App. 3.  That 1995 report provided that "[t]he government generally tolerates the existence and activities of the unsanctioned churches," but "has intermittently harassed [and raided and closed] unregistered churches, and has declared its intent to register all of them by the end of 1995, but implementation continues to be more vigorous in some regions than in others."  Admin. Rec. 366.

4

Concerning Fujian province, the report noted "[a] growing number of cases from China, especially from the Fuzhou area in Fujian Province, claim persecution on account of religion," and that "religious . . . persecution . . . undoubtedly exists . . . [and] [h]ouse churches [in this area] are probably monitored and perhaps harassed as elsewhere in China, but we have no reports thereof." Admin. Rec. 366, 368. By comparison, there is no record evidence of any recent religious persecution in Gao's home province of Fujian. Thus, on this record, the agency was not compelled to conclude that Gao's evidence reflected a change in conditions material to his fear of harm as a Christian. *See Jian Hui Shao*, 546 F.3d at 171. The agency therefore did not abuse its discretion in denying Gao's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

The timeliness finding is dispositive, and we do not reach the alternate ruling that Gao failed to establish prima facie eligibility for relief and did not merit reopening as a matter of discretion. *See* 8 C.F.R. § 1003.23(b)(3) ("The Immigration Judge has discretion to deny a motion to reopen even if the moving party has established a prima facie case for relief."); *INS v. Abudu*, 485 U.S. 94, 104–05 (1988)

5

(observing that the agency may deny an untimely motion for failure to demonstrate changed country conditions or prima facie eligibility for the underlying relief); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). To the extent Gao challenges the agency's decision not to exercise its authority to reopen sua sponte, we lack jurisdiction to review that determination. *See Centurion v. Sessions*, 860 F.3d 69, 74 (2d Cir. 2017) ("We do not have jurisdiction to review the . . . entirely discretionary refusal to reopen a case *sua sponte*." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6